JOHN MURPHY, Respondent, *v.* EDWARD CUFF, Appellant.

EVIDENCE — INCOMPETENCY OF STATEMENT OF DEFENDANT IN ACTION
FOR ASSAULT IN A SUBSEQUENT ACTION AGAINST ANOTHER FOR THE SAME
ASSAULT.    Where upon the trial of an action to recover damages for an
alleged assault and battery the question of fact upon which the plaintiff's
right to recover depends is as to whether the defendant directed his son to
throw the plaintiff out of his saloon, a statement of the son, made upon the
trial of an action against him for the same assault, and who was insolvent
and after the recovery of a'judgment therein was killed, to the effect that
he took the plaintiff's money after he was injured, said he would go and get
a hack for him and that he forgot it and spent the money for beer, is
incompetent evidence, and its reception after objection constitutes reversi-
ble error, where it cannot be said that it did not affect the result.

*Murphy* v. *Cuff*, 77 App. Div. 632, reversed.

(Argued January 14, 1904; decided January 29, 1904.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
November 28, 1902, affirming a judgment in favor of plain-
tiff entered upon a verdict and an order denying a motion for
a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John N. Carlisle* for appellant.    The court erred in allow-
ing the plaintiff on his direct examination, against the objec-
tion of the defendant, to answer the following question : " Did
you hear James Cuff on the trial of the action which you had
against him testify that he took this money, said he would go
and get a hack, and forgot it and spent it for beer." (Greenl.
on Ev. § 114; Story on Agency, § 135; *Anderson* v. *R., W.
& O. R. R. Co.*, 54 N. Y. 344; *White* v. *Miller*, 71 N. Y.
118; *Lewis* v. *Duane*, 69 Hun, 45; *People* v. *Corey*, 148 N.
Y. 489; *Hutchins* v. *Hutchins*, 98 N. Y. 56.)

*F. B. Pitcher* and *George A. Lawyer* for respondent.    No
error was committed upon the trial. (*Wallace* v. *Vacuum
Oil Co.*, 35 N. Y. S. R. 697; 128 N. Y. 579; *Bullock* v.

*Oppman*, 15 N. Y. S. R. 990; 119 N. Y. 637; *People* v. *Beach*, 87 N. Y. 508; *Turner* v. *City of Newburg*, 109 N. Y. 301; *Ward* v. *Kilpatrick*, 85 N. Y. 413.)

HAIGHT, J. This action was brought to recover damages for an alleged assault and battery. The plaintiff was a laborer, twenty eight years of age, residing in Watertown, N. Y., and the defendant was a saloon keeper in that city having a son James, aged twenty-seven, who was his bartender. During the afternoon of April 20th, 1899, the plaintiff, while in the defendant's saloon, claims to have been assaulted by the defendant's son and to have been kicked and pushed out of doors causing the fracture of the neck of one of his thigh bones. The plaintiff testified, in substance, that he was in the defendant's saloon and had had several drinks that day with the defendant's son; that during the afternoon the defendant entered the saloon and addressed him by asking what he was doing there and if he had come up to get Jim drunk again, and concluded by telling him that he did not want him hanging around there. They then had some words with reference to a bill that the plaintiff owed the defendant, and thereafter the defendant walked out of the front door, but as he did so he directed his son to throw the plaintiff out, calling him a vile name. Thereupon the defendant's son, in the absence of his father, committed the assault complained of. The defendant testified, in substance, that he told the plaintiff that he did not want him hanging around there and that he must go out, but denied positively that he said a word to his son with reference to throwing or putting the plaintiff out. It further appears from the testimony of both of the parties that the defendant was out but four or five minutes, going to the next door, and that on returning to the saloon he found the plaintiff lying upon the ground outside of the back door; that, with the assistance of his son, he took him inside and placed him in a chair and then lectured both his son and the plaintiff with reference to coming into his saloon, getting drunk and then having a fight over it, stating that it was a pretty

state of affairs and ordered his son out of the saloon, with directions not to come back any more. It will thus be seen that the sharp question of fact about which the parties differ is as to whether the defendant directed his son to throw the plaintiff out of the saloon. Upon this issue the testimony is confined to that of the plaintiff and defendant who are now the only remaining living witnesses as to what took place. The jurors were, therefore, compelled to determine the fact on the testimony of these witnesses, aided only by the inferences which may be drawn from that which preceded and immediately followed the, assault, as admitted by both parties. The issue being thus narrowed to the testimony of the parties and they having testified positively and squarely against each other upon the one question of fact upon which the right of the plaintiff to recover depends, it became important that the trial court should avoid any incompetent testimony which might, in any considerable degree, prejudice the minds of the jurors against either of the parties to the controversy. It appears that the plaintiff first brought an action against the son James Cuff and that in that action he recovered a judgment. It is asserted that the son was insolvent and that he afterwards was killed by a passing train while he was walking upon the track of a railroad ; that then this action was brought, in which a recovery is sought against the father. Upon the trial the plaintiff testified in his own behalf that upon the trial of the action against James he testified that he took the plaintiff's money after he was injured, said he would go and get a hack for him and that he forgot it and spent the money for beer. This evidence was taken under an objection and exception by the defendant. The plaintiff was unable to· get assistance to take him home for a number of hours, and in the meantime he was compelled to remain in the saloon. The evident purpose of this evidence was to create a bias in the minds of the jurors against the defendant and his son. The defendant was not bound by the statement of James, made upon a trial in another action, and it was clearly incompetent and an error of law on the part of the court to receive it after

objection; but we are urged to sustain the judgment upon the ground that the admission of the evidence did not affect the result. We might overlook the error if satisfied that such was the fact; but, under the circumstances disclosed in the case, we think it cannot be said that its reception did not affect the result.

The judgment should, therefore, be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and CULLEN, JJ., concur.

Judgment reversed, etc.